## TANGULIS v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2043. Decided Nov 10, 1931

Andrew Nickas, Canton, for plaintiff in error.

Don Isham, Prosecuting Attorney, Akron, George R. Hargreaves, Ass't Prosecuting Attorney, Akron, and Michael A. Fanelly, Ass't Prosecuting Attorney, Akron, for defendant in error.

PARDEE, PJ.

The defendant prosecutes error and alleges:

First, irregularities in serving and returning the venire which was issued for the petit jury.

The venire was returned and filed by the sheriff on July 20, 1931, which was less than 15 days before the trial, and copies of the venire and return were served on the defendant on July 13, 1931.

The law requires the return to be made at least 15 days before the trial, which started on July 27, 1931. The defendant received a copy of the venire as provided by law on July 13, 1931, which shows the names of all the jurors and the service as made, which was 14 days before the trial; thus the technical error of the sheriff in failing to return the same to the clerk as required by law did not deprive the defendant of any substantial right and did not result in any prejudice to him.

**Long v State, 109 Oh St, 77.**

Another complaint about the selection of the jury relates to the method used in filling the panel after the original venire was exhausted.

The record shows that by agreement of the attorneys for the state and the defendant, the court was authorized to select about 20 additional names, which was done, and from these names so selected the persons needed to fill the panel were taken. No prejudice resulted from this, as no complaint is made or shown that any one so selected was disqualified to act as a juror.

Another error alleged relates to the admission of certain evidence, as shown on pages 356, 357, 358, 359 and 370 of the bill of exceptions.

Permitting the defendant to answer these questions upon cross-examination was not error, and no error resulted from the admission of the testimony in relation thereto in rebuttal.

Another alleged error relates to the admission in evidence of an answer to a question asked the witness Hudson at the time his car was stolen, but there was no error in this.

Another alleged error relates to the argument to the jury as made by the prosecuting attorney, but we think the argument was proper as made, upon the subject of mercy.

Another alleged error relates to the charge of the court, in which the court stated that the defendant admitted the robbery.

In the opening statement of defendant's attorney to the jury, he admitted, on page 208 of the bill of exceptions, "that this robbery was committed right in front of the Grace M. E. Church on East Market on the date the prosecutor stated," and the defendant on the witness stand admitted the robbery (p. 341). There was no error in this respect.

Another alleged error relates to the charge of the court in regard to further instructions after the submission of the case to the jury.

We have examined this claim and find no error therein.

We have carefully read the evidence in the bill of exceptions and examined the errors claimed, and we do not find any prejudicial errors in the record. The judgment is therefore affirmed.

WASHBURN and FUNK, JJ, concur.